```
                                UNITED STATES DISTRICT COURT
                               WESTERN DISTRICT OF WASHINGTON
                                          AT TACOMA
```

| | |
|---|---|
| CYNTHIA LAMPE,<br><br>               Plaintiff,<br><br>   v.<br><br>MICHAEL ASTRUE, Commissioner of<br>Social Security Administration,<br><br>               Defendant. | CASE NO.  **C08-5274RBL**<br><br>REPORT AND<br>RECOMMENDATION<br><br>Noted for January 30, 2009 |

This matter has been referred to Magistrate Judge J. Kelley Arnold pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Magistrates Rule MJR 4(a)(4) and as authorized by Mathews, secretary of H.E.W. v. Weber, 423 U.S. 261 (1976). This matter has been briefed, and after reviewing the record, the undersigned recommends that the Court affirm the Administration's denial of Plaintiff's application for social security benefits.

## **INTRODUCTION**

Plaintiff, Cynthia Lampe, was born in 1962. She graduated from high school and attended college for approximately two and a half years, earning an associates degree. She is the mother of four children. She has worked in the past in several different capacities, including waitress, cashier, laborer, secretary, and bookkeeper. She last worked in January 2005, as a bookkeeper, but has not earned enough money to be considered gainfully employed since July 1, 2001. Medical records reflect a history of problems related to her neck and back, including degenerative disc disease, migraine headaches, fibromyalgia, and degenerative joint disease. Plaintiff testified that she stopped working in 1995 due to increasing pain caused by migraine headaches.

Plaintiff filed applications for a period of disability, disability insurance benefits, and SSI

disability benefits on November 2, 2004 (Tr. 12, 57-61, 238). Her applications were denied upon initial and reconsidered determinations (Tr. 12, 39-40, 45-48), and she requested a hearing (Tr. 37). A hearing was held on April 24, 2007 (Tr. 235-64); On August 30, 2007, an Administrative Law Judge ("ALJ") issued an unfavorable decision, finding that Plaintiff was not disabled within the meaning of the Social Security Act because she was capable of performing her past relevant work as a bookkeeper, a tax preparer, and a secretary (Tr. 9-19). On March 14, 2008, the Appeals Council denied Plaintiff's request for review (Tr. 4-6), thereby making the ALJ's decision the final decision of the Commissioner. 20 C.F.R. §§ 404.981, 416.1481 (2008).

Plaintiff now seeks judicial review of the administration pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). The Complaint was filed on April 30, 2008, in which Plaintiff argues the ALJ's decision is not supported by substantial evidence because the ALJ improperly evaluated Plaintiff's testimony. After reviewing the record, the undersigned finds no error in the ALJ's decision. The Court should affirm the ALJ's decision.

## **DISCUSSION**

This Court must uphold the determination that plaintiff is not disabled if the ALJ applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Fife v. Heckler, 767 F.2d 1427, 1429 (9th Cir. 1985). It is more than a scintilla but less than a preponderance. Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); Carr v. Sullivan, 772 F. Supp. 522, 525 (E.D. Wash. 1991). If the evidence admits of more than one rational interpretation, the Court must uphold the Secretary's decision. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984).

As noted above, Plaintiff argues the ALJ erred when he evaluated her testimony and credibility. Questions of credibility are solely within the control of the ALJ. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982). The Court should not "second-guess" this credibility determination. Allen, 749 F.2d at 580. In addition, the Court may not reverse a credibility determination where that determination is based on contradictory or ambiguous evidence. Id. at 579. That some of the reasons for discrediting a

claimant's testimony should properly be discounted does not render the ALJ's determination invalid, as long as that determination is supported by substantial evidence. Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2001).

To reject a claimant's subjective complaints, the ALJ must provide "specific, cogent reasons for the disbelief." Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1996) (*citation omitted*). The ALJ "must identify what testimony is not credible and what evidence undermines the claimant's complaints." Id.; Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993). Unless affirmative evidence shows the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." Lester, 81 F.2d at 834. The evidence as a whole must support a finding of malingering. O'Donnell v. Barnhart, 318 F.3d 811, 818 (8th Cir. 2003).

In determining a claimant's credibility, the ALJ may consider "ordinary techniques of credibility evaluation," such as reputation for lying, prior inconsistent statements concerning symptoms, and other testimony that "appears less than candid." Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996). The ALJ also may consider a claimant's work record and observations of physicians and other third parties regarding the nature, onset, duration, and frequency of symptoms. Id.

Here, the ALJ summarized and evaluated the medical evidence to conclude Plaintiff has the following severe impairments: degenerative disc disease, migraine headaches, fibromyalgia, and degenerative joint disease (Tr. 14-15). The ALJ next evaluated the intensity, persistence, and limiting effects of the symptoms to determine the extent to which these impairments limit Plaintiff's ability to do basic work activities (Tr. 16-18). The ALJ considered Plaintiff's statements regarding the severity of her condition. He explained:

> The claimant alleges that she is disabled due to back and neck pain as well as migraines. 7E/1. She alleges that her impairments affect her ability to stand, walk, lift, squat, bend, kneel, reach, climb stairs, see, concentrate, and use her hands. 2E/6. She claims to have difficulty with personal care secondary to her arm and leg symptoms 2F/2-3. She reports that her back pain is least when she is in the sitting position, although she states she is unable to stay in one position for any length of time. 7E/1;6F/11. The claimant estimated that she could walk for only one block at a time. She states she needs to nap daily.
>
> After considering the evidence of record, I find that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible.
>
> The record shows that the claimant's condition improved significantly with treatment and

> medication. Her arm symptoms largely disappeared, her leg symptoms improved, and her neck pain significantly improved with cervical spine surgery. 5F/4, 7, 11, 13, 16. She also had significantly reduced pain levels with epidural steroid injections. 7F/8; 8F/10. Likewise, she had dramatic improvement in her headaches with her neck surgery. 5F/11, 13. She has stated that medications are also helpful for her headaches. 2F/2; 4F/3, 10. Finally, the claimant's knee pain resolved with arthroscopic surgery. The longitudinal record establishes that the claimant's impairments improved.
>
> Furthermore, the claimant's reported activities are not consistent with disability. She cares for her two young children who are very active. 5F/16; 11F/2. The claimant is involved in church activities, which include caring for the children of other church members. 11F/2. She is able to prepare meals, drive, and do household chores such as cleaning, vacuuming, dishes, laundry, and light gardening. 2E/1, 3-4; 11F/2. She is independent with respect to self-care. 2E/2. The claimant walks for 15 to 20 minutes per day for exercise. She testified that she is able to use the computer, although she has problems using the 10 key pad.

Tr. 17-18.

Plaintiff argues the ALJ's reasons for rejecting or discrediting the severity of Plaintiff's allegations are not clear and convincing. The undersigned does not agree. While it may be interpreted differently (as suggested by Plaintiff), the medical evidence properly supports the ALJ's evaluation. For instance, Plaintiff had cervical spine surgery on September 23, 2004 (Tr. 178-80), and the ALJ found that Plaintiff's "arm symptoms largely disappeared, her leg symptoms improved, and her neck pain significantly improved" after the surgery (Tr. 17). These findings are supported by the record. On October 4, 2004, Debbie M. Gale, A.R.N.P., reported that Plaintiff was "doing better in regards to her arm pain and numbness," although she continued to have numbness in two fingers on each hand (Tr. 170). Plaintiff also reported that the numbness in her left foot had improved since the surgery (Tr. 170). On October 28, 2004, George B. Shanno, M.D., Plaintiff's treating neurosurgeon, reported that Plaintiff's "upper extremity radiculopathies have disappeared and her headaches have gotten dramatically better. She is not complaining of any neck pain" (Tr. 167). Dr. Shanno additionally stated that Plaintiff had "actually gotten significant relief from this operation of her original symptoms," although she still had other symptoms (Tr. 167). On December 1, 2004, Dr. Shanno reported that Plaintiff had "5/5 motor strength in both lower extremities," and had "grossly negative straight leg raise sign bilaterally" (Tr. 165). Plaintiff had "no pain on flexion of her lower back," but had "some mild axial low back pain radiating into the tops of both buttocks on extension of her lower back" (Tr. 165). Dr. Shanno also indicated that Plaintiff "had some mild return of her headaches" since stopping her medications (Tr. 165).

In sum, the undersigned finds the ALJ properly discounted Plaintiff's statements regarding the

severity of her limitations. The ALJ provided at least three clear and convincing reasons for partially rejecting Plaintiff's credibility, including: (1) Plaintiff's statements were inconsistent with her improvement following treatment; (2) Plaintiff's statements were inconsistent with her extensive daily activities; and (3) Plaintiff's statements were inconsistent with the medical evidence of record.

## **CONCLUSION**

Based on the foregoing discussion, the administrative decision should be affirmed. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **January 30, 2009**, as noted in the caption.

DATED this 13th day of January, 2008.

      */s/ J. Kelley Arnold*
      J. Kelley Arnold
      U.S. Magistrate Judge